*147
Curia, per

O’Neall, J.
The 4th section of A. A. 1824, (p. 28,) provides “ that no female shall hereafter be liable to be airested by any writ of capias ad satisfabienclum.” The case of Desprang vs. Davis, (3 M’C. R. 16,) decided in Charleston, at the February term succeeding that enactment; iuled that this Act did not exempt a female from arrest under a bail writ. In the case of Jarvis vs. Gibberson, (Dudley R. 225,) where the principal in this case was defendant, it was held that an exoneretur could not be entered on her bail bond. Looking to those cases that have given construction to the Act of 1824, we find that, against a female, the writ of ca. sa. is abolished, but still, that she üiay be arrested and let to bail under a capias ad respondendum. The question before us is, what is the effect of bail thus taken ? Usually, bail to the sheriff is bail to the action, and his undertaking is, that the defendant shall remain within the reach of the process of satisfaction of the court. (Saunders vs. Hughes, 2 Bailey R. 513.) Against females, no process of satisfaction can be issued, and, hence, that cannot be the meaning of the condition for her appearance which constitutes the undertaking of bail to the action. If it were otherwise, taking bail would be a mere idle ceremony, and would be as well accomplished by the fictitious bail, John Doe and Richard Roe, as by men of substance like the defendant. But the law requires no such vain and idle ceremony. In the case of a female defendant; may not the undertaking of the bail for her appearance at the return of the writ, mean something else than that which is undertaken by bail to the action 1 I think it does.
The 3rd sec. of A. A. 1809, (p. 60,) declares that bail to the sheriff shall have all the rights, privileges and powers of special bail. The term special bail, as here used, was intended to have the sense attached to it in the county court Act of 1785, (P. L. 369,) where the person or persons becoming special bail, are declared to be made liable to the judgment and recovery; Unless the body of the defendant be *148 rendered in execution. The defendant has all the rights, privileges and powers of special bail, in exoneration of himself: he may surrender his principal, or she may surrender herself. When this is the case, does it not follow — if, for the purpose of giving effect to the law, it be necessary, — that the liability incurred is co-extensive with the rights and powers arising out of if 1 I think this is the rule of reason, and of common sense, which is another name for the common law. No other construction can be resorted to, which will make the bail of a female have any effect, By the adoption of it, the bail.is subjected to no liability which he may not discharge by surrendering his principal; so that there can be no hardship.
In Harwood vs. Robertson, (2 Hill R. 36,) it is said that the Acts of 1785 and 1809, have turned bail to the sheriff into bail to the action, or special bail. This case is to be the first illustration of what is meant by turning bail to the sheriff into special bail. Were it not for the Act of 1785,1 should hesitate long in saying that bail to the sheriff ever could be regarded as special bail; but, coupling the Acts of 1785 and 1S24 together, I think we may fairly say that the bail of a female undertakes for her appearance, and that she shall abide by and perform the judgment of the court. The 10th sec. of the A. A. 1785, protects the bail from suit until judgment and execution against the defendant and a return of nulla bona. When these things are done, it is plain that the defendant has not abided by and performed the judgment by paying it. The motion to reverse the decision of the Court below is dismissed.
Richardson, Evans and Earle, JJ. concurred.*